**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3050 |
| Plaintiff - Appellee, | D.C. No. 3:18-cr-08252-SPL-1 |
| v. | MEMORANDUM* |
| NATHAN BROOKS MANUELITO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted May 29, 2026**

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Nathan Manuelito appeals the district court's imposition of a special supervised release condition barring him from contacting his victim and her family, including Manuelito's biological daughter. Manuelito was convicted of three counts of assault after two domestic violence incidents involving his girlfriend at the time,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

S.A. During the incidents, he beat, choked, and dragged S.A. around the home by her hair. At sentencing, the district court sentenced Manuelito to 96 months of incarceration and 36 months of supervised release. The court also imposed a condition barring Manuelito from contacting S.A. or her family members. Manuelito appealed, and we vacated the no-contact condition because the district court failed to comply with the procedural requirements in *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012). *United States v. Manuelito*, No. 22-10170, 22-10171, 2024 WL 2763810 (9th Cir. May 30, 2024) (unpublished). On remand, the district court held a new sentencing hearing and reimposed the condition. Manuelito timely appeals, challenging the condition as it relates to his daughter.

We have jurisdiction under 28 U.S.C. § 1291. When a defendant objects to a condition of supervised release, we review the imposition of the condition for abuse of discretion. *Wolf Child*, 699 F.3d at 1089. We affirm.

The district court did not abuse its discretion by imposing the no-contact condition at resentencing. When, as here, a supervised release condition implicates a "particularly significant liberty interest," *Wolf Child* requires the district court to "undertake an individualized review on the record of the relationship between the defendant and the family member at issue," and explain (1) why the condition is necessary to accomplish one or more of the goals of supervised release, and (2) why the condition is no more restrictive than reasonably necessary to accomplish those

goals. 699 F.3d at 1090 (citation modified). The district court satisfied this standard at resentencing.

To start, the court undertook "an individualized review . . . of the relationship between" Manuelito and his daughter, A.A. *See id.* (citing *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010)). Next, the court explained why the condition is "necessary to accomplish one or more" of the goals of supervised release. *Id.* at 1092 (citation modified); 18 U.S.C. § 3583(d)(1). The court explained that the condition protects S.A. and A.A. from Manuelito in light of his past conduct, their fear of Manuelito, and S.A.'s statement that she "truly believe[s] he will cause harm to" A.A. Last, the court explained that it could not reasonably narrow the condition because no less restrictive condition would protect the physical and mental health of S.A. and A.A. *See Wolf Child*, 699 F.3d at 1090.

In its reasoning, the district court relied in part on an order of protection issued by a tribal court. The court concluded that, pursuant to that order, Manuelito was permanently prohibited from contacting S.A. and A.A. On appeal, the parties dispute whether there is in fact a permanent order of protection, but the district court's reliance on the order was not reversible error. The handwritten text on the protection order suggests that it bars Manuelito from contacting S.A. and A.A. indefinitely. The court did not clearly err. And even if it had been clearly erroneous to conclude that A.A. had a lifetime restraining order against Manuelito, we find no likelihood that

the court would have imposed a less restrictive condition. The remaining reasons on which the court relied—protection of S.A. and A.A. and the mental and physical trauma Manuelito imposed on them—support the conclusion that the condition could not reasonably be narrowed.[1]

**AFFIRMED.**

---

[1] To the extent that Manuelito challenges the substantive reasonableness of the condition in this appeal, the challenge fails because, in light of the more developed resentencing record, the condition is "reasonably related to the goal[] of . . . protection of the public" and does not "infringe[] more on the offender's liberty than is reasonably necessary to accomplish" that goal. *Wolf Child*, 699 F.3d at 1090 (citations modified).